# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50370
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Stevie Gomez Contreras,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-206-1

———————————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Stevie Gomez Contreras appeals following his conviction for possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Contreras argues that § 922(g)(1) violates the Commerce Clause and also violates the Second Amendment, on its face and as applied to him, in light of the test set forth in *New York State Rifle &*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50370

*Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  He further argues that *United States v. Giglio*, 126 F.4th 1039, 1045-46 (5th Cir. 2025), pertaining to an as-applied challenge for a defendant who was serving an ongoing criminal sentence when he committed the § 922(g)(1) offense, was incorrectly decided, citing *United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025) (mem.).  The Government has filed a motion for summary affirmance or, in the alternative, an extension of time to file a brief.  Contreras takes no position on the motion but concedes that his arguments are foreclosed by current precedent and raises them to preserve them for further review.

The parties are correct that Contreras's facial and as-applied challenges are foreclosed.  *See Giglio*, 126 F.4th at 1045-46; *United States v. Contreras*, 125 F.4th 725, 729, 732-33 (5th Cir. 2025); *Diaz*, 116 F.4th at 462.  Therefore, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.